**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| Xu'e Chen, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:25-cv-703 (DJN) |
| | ) | |
| yangjiangshiliangyilikejiyouxiangongsi | ) | |
|     and | ) | |
| yangjiangshishuanglierenkejiyouxiangongsi | ) | |
| | ) | |
|     Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
**MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Xu'e Chen ("Plaintiff") respectfully moves for entry of a preliminary injunction under 35 U.S.C. § 283 and Fed. R. Civ. P. 65, converting the Court's Temporary Restraining Order (ECF No. 18) into a preliminary injunction that continues the sale-ban previously entered. For the reasons below and those in the accompanying evidentiary submissions, the injunction should issue enjoining both Defendants from continuing to sell the Accused Products identified in the Complaint. (*See* ECF Nos. 1-3, 1-4).

## I.    PROCEDURAL STATUS

Plaintiff filed this action on September 3, 2025, asserting claims for design-patent infringement under 35 U.S.C. § 271 against Defendants yangjiangshiliangyilikejiyouxiangongsi and yangjiangshishuanglierenkejiyouxiangongsi ("Defendants") based on the sale of infringing meat-grinder products through the Amazon Retail Platform (ECF No. 1 ¶¶ 13–16, 48–57, 71, 80, 85–102). Concurrently, Plaintiff filed an *Ex Parte* Motion for Temporary Restraining Order (ECF No. 5) supported by its Verified Complaint (ECF No. 1) and accompanying exhibits showing that Defendants "illegally promote, advertise, offer to sell, and sell the Accused Products that practice

1

the Asserted Patents through their Accused Webstores on the Amazon Retail Platform" (ECF No. 6 at 5).

On September 26, 2025, after reviewing the sealed TRO papers and accompanying evidence and holding a hearing, this Court entered a Memorandum Order Granting Temporary Restraining Order ("TRO") (ECF No. 18) enjoining both Defendants and Amazon.com "from continuing to sell the products identified in ECF Nos. 1-3 and 1-4." (ECF No. 18 at 2.) The Court found that Plaintiff had met the standards for temporary injunctive relief under *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

Following entry of the TRO, Plaintiff promptly posted the bond required by the Order (ECF No. 19), and served Amazon.com with the TRO. Amazon executed the Order by disabling the two infringing Accused Products (ASIN B0CWXQL27W and B0CWXTTBMF). As authorized by the Court (ECF No. 18 at 12), Plaintiff served a subpoena on Amazon.com to obtain Defendants' identifying information and contact details for service of process. Amazon.com's legal department has represented that it expects to provide such information by October 10, 2025.

Plaintiff's counsel was also contacted by counsel representing at least one Defendant. Plaintiff's counsel provided Defendant's counsel with the Verified Complaint and the TRO and asked if Defendants would stipulate to receiving service and waive formal service. Plaintiff's counsel has not received a response.

Accordingly, once this Motion is filed, Plaintiff will provide informal notice of this Motion and the hearing date to Defendants through their counsel via counsel's email. After Plaintiff receives information from Amazon, Plaintiff will email notice as authorized by this Court. (ECF No. 18 at 9-10). Thus, both methods will ensure that Defendants have actual and constructive

2

notice of these proceedings before the Court considers entry of a preliminary injunction. This record therefore satisfies the notice and adversarial requirements of Rule 65(a).

On October 9, 2025, the Court—in response to Plaintiff's Expedited Motion (ECF No. 20)—extended the TRO until October 24, 2025 and set a preliminary injunction hearing on October 24, 2025 at 11:30 am. (ECF No. 23 at 1-2).

Plaintiff now seeks conversion of the existing TRO into a preliminary injunction consistent with the Court's guidance and to preserve the status quo pending final resolution of this Action.[1]

## II.    STATEMENT OF FACTS

### A.    Plaintiff and the Asserted Patents

Plaintiff owns and operates a trading company located in Guangdong, China that designs, markets, and sells high-quality kitchen tools, including the patented meat-grinder products at issue. (ECF No. 1, ¶¶ 23–25). Plaintiff is the assignee of United States Design Patent No. D1,056,611 ("the 'D611 Patent") and Design Patent No. D1,080,289 ("the 'D289 Patent") (collectively, the "Asserted Patents"), each entitled "Meat Grinder." (*Id.* ¶¶ 2, 48–61, 71–102). The Asserted Patents cover the ornamental design of Plaintiff's meat-grinder products ("Plaintiff's Covered Products"). Copies of the Asserted Patents were attached as Exhibits A and B to the Complaint. (ECF No. 1-2, 1-3.)

Plaintiff's Covered Products were developed following extensive market research, design iteration, and mold tooling. (ECF No. 1 ¶ 25). They have achieved significant commercial success and consumer recognition in both Europe and the United States. (*Id.* ¶ 29). Plaintiff sells her

---

[1] In the TRO, the Court declined to order an asset freeze at the ex parte stage but noted at the hearing that Plaintiff could advocate for such relief at the preliminary-injunction stage when Defendants have notice. Based on the timing of when the TRO was entered in relation to when a preliminary injunction would be entered by this Court, Plaintiff respectfully declines to seek an asset freeze at this stage.

products exclusively through her own Amazon.com stores and other authorized channels, maintaining strict quality control over design and manufacture. (*Id.* ¶ 33).

**B.    Defendants and the Accused Products**

Defendants are Chinese entities that sell directly to U.S. consumers through Amazon.com under Seller IDs A13C232M8ROQ49 and A1QGJSFW7KS4ND, respectively. (*Id.* ¶¶ 13–16). Through those accounts, Defendants offer for sale meat-grinder products ("Accused Products") (corresponding to ASIN B0CWXQL27W and ASIN B0CWXTTBMF) that are substantially identical in overall visual impression to Plaintiff's patented designs. (*Id.* ¶¶ 48–49; *see also* ECF No. 6 at 8–11).

Side-by-side comparisons submitted with Plaintiff's TRO motion show that the Accused Products appropriate every ornamental feature of the Asserted Patents, including the distinctive overall design. (ECF No. 6 at 8-11; ECF No. 1-3, 1-4) Plaintiff has never licensed or authorized Defendants to use her patented designs. (ECF No. 1 ¶ 35).

**C.    Plaintiff's Enforcement Efforts and Resulting Harm**

Before suit, Plaintiff observed declining sales and Amazon rankings for Plaintiff's Covered Products, prompting an investigation that uncovered infringing listings (ECF No. 1 ¶ 32). Plaintiff submitted infringement notices through Amazon's internal reporting system and sent infringement warnings identifying the Asserted Patents; some sellers ceased sales, but others continued or re-listed under alternate names (ECF No. 1 ¶ 34). The influx of infringing listings caused loss of market share, price erosion, and reputational injury; Plaintiff discounted products and moved inventory to third-party warehouses to manage costs (ECF No. 1 ¶ 32).

**D.    Enforcement of the TRO and Continuing Need for Relief**

On September 26, 2025, the Court entered a Memorandum Order granting a Temporary Restraining Order enjoining both Defendants and Amazon.com "from continuing to sell the

4

products identified in ECF Nos. 1-3 and 1-4" (ECF No. 18 at 6). Following entry of the TRO, Plaintiff posted the required bond and served Amazon with the TRO; Amazon disabled the two Accused Products (ASIN B0CWXQL27W and B0CWXTTBMF), and those listings remain inactive. The immediate harms identified in the TRO papers have been halted by the TRO's execution.

Given the prior conduct of other infringers described in the Complaint (including use of multiple storefronts and evasive tactics), there remains a realistic risk that infringing sales could resume if the TRO lapses. Converting the TRO to a preliminary injunction will maintain the existing marketplace status quo, prevent reactivation or migration of infringing listings,[2] and protect the public interest while this case proceeds (ECF No. 1 ¶¶ 10–11, 32–35; ECF No. 6 at 5-19).

## III.    ARGUMENT

### A.      Jurisdiction

This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq. (ECF No. 1 ¶¶ 1–2). Personal jurisdiction is proper because Defendants have purposefully directed infringing sales into the United States, including to residents of Virginia, through the Amazon Retail Platform (ECF No. 1 ¶¶ 7–15, 27–28, 48–57). Each Defendant has offered for sale and sold the Accused Products to U.S. customers, including those located within this District, satisfying 35 U.S.C. § 271(a).

---

[2] As noted below, Plaintiffs also request that the Court enjoin Defendants from selling the Accused Products under different Amazon Seller IDs and/or different ASINs.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(c)(3), which provides that a defendant not resident in the United States may be sued in any judicial district, and under § 1400(b). *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 714 (1972). Because Defendants are foreign entities and venue is proper in this District because the Court may exercise personal jurisdiction over them. (ECF No. 1 ¶¶ 9–11, 27–28).

## IV.    Legal Standard

A preliminary injunction issues where the movant shows (1) likelihood of success on the merits, (2) likelihood of irreparable harm absent relief, (3) the balance of equities tips in the movant's favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Natera, Inc. v. NeoGenomics Lab'ys, Inc.*, 106 F.4th 1369, 1375 (Fed. Cir. 2024) ("To obtain a preliminary injunction, a party must establish likelihood of success on the merits, likelihood it will suffer irreparable harm absent preliminary relief, the balance of equities tips in its favor, and an injunction is in the public interest.").[3] "The standard for granting either a TRO or a preliminary injunction is the same." *Moore v. Kempthorne*, 464 F. Supp. 2d 519, 525 (E.D. Va. 2006) (citations and quotations omitted).

### A.    Likelihood of Success on the Merits

Plaintiff is likely to succeed on her design-patent claims. A design patent is infringed when "in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008) (en banc); *see also Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010).

---

[3] The Federal Circuit reviews preliminary injunction rulings under the law of the regional circuit, but has noted that "the Federal Circuit has itself built a body of precedent applying the general preliminary injunction considerations to a large number of factually variant patent cases, and gives dominant effect to Federal Circuit precedent insofar as it reflects considerations specific to patent issues." *Natera*, 106 F.4th at 1374–75 (citations omitted).

The inquiry should be viewed in the context of the prior art. *Egyptian Goddess*, 543 F.3d at 678. The Verified Complaint and TRO memorandum include side-by-side comparisons showing that the Accused Products present the same overall visual impression as the 'D611 and 'D289 Patents (ECF No. 1 ¶¶ 48–61, 94–102; ECF No. 1-3, 1-4; ECF No. 6 at 7-11). Plaintiff's TRO motion included the prior art. (ECF No. 5-1, 5-2). The Court credited that showing at the TRO stage finding a likelihood of success and that Plaintiff had made a "strong showing on the merits." (ECF No. 18 at 5, 11-12). Nothing in the current record undermines those findings.[4]

### B.    Irreparable Harm

Pre-TRO, Defendants' Amazon sales caused lost market share, ranking deterioration, and damage to goodwill—classic harms not readily compensable in damages. *See*, *e.g.*, *Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, 22 F.3d 546, 551–52 (4th Cir. 1994) (reasoning that "injury not quantifiable … is irreparable"). Patent cases recognize the same principle: loss of goodwill and brand erosion can establish irreparable harm. *Abbott Labs. v. Sandoz, Inc.*, 544 F.3d 1341, 1362 (Fed. Cir. 2008) (loss of revenue and market share are evidence of irreparable harm); *Purdue Pharma L.P. v. Boehringer Ingelheim GmbH,* 237 F.3d 1359, 1368 (Fed. Cir. 2001) (likelihood of price erosion and loss of market position are evidence of irreparable harm); *Bio–Tech. Gen. Corp. v. Genentech, Inc.,* 80 F.3d 1553, 1566 (Fed. Cir. 1996) (loss of revenue, goodwill, and research and development support constitute irreparable harm); *Polymer Techs., Inc. v. Bridwell,* 103 F.3d 970, 975–76 (Fed. Cir. 1996) (loss of market opportunities cannot be quantified or adequately compensated, and is evidence of irreparable harm). The Complaint and TRO memorandum document these harms (ECF No. 1 ¶ 32; ECF No. 6 at 12-15).

---

[4] Plaintiff reserves the rights to address any arguments raised by Defendants should they make appearances and oppose this Motion.

Although Amazon has disabled the selling of Accused Products under the TRO, the lasting effects (lost ranking/visibility and customer diversion) persist absent continued relief.

### C.    Balance of Equities

The equities favor maintaining the status quo created by the TRO. Plaintiff seeks only to prevent resumed infringing sales; Defendants have no legitimate interest in continued infringement. *Hybritech Inc. v. Abbott Labs.*, 849 F.2d 1446, 1457 (Fed. Cir. 1988) (finding preliminary injunction appropriate even when district court found balancing neutral); *EyeTicket Corp. v. Unisys Corp.*, 155 F. Supp. d 527, 550 (E.D. Va. 2001) ("Plaintiff relies exclusively on this technology for its livelihood and may go out of business without relief, the Defendant proffers no evidence that it will suffer substantial hardship if the preliminary injunction does issue."). The TRO memorandum explained why the equities weigh in Plaintiff's favor. (ECF No. 6 at 5-6).

### D.    Public Interest

Enforcing valid patent rights and preventing consumer confusion serve the public interest. *See Synergistic Int'l, LLC v. Korman*, 470 F.3d 162, 176 (4th Cir. 2006) (public interest in making infringement unprofitable); *EyeTicket*, 155 F. Supp. 2d at 548 (recognizing public interest in "enforcing patents only to the limit of their claims"). Plaintiff's TRO brief articulated the same point (ECF No. 6 at 18-19). The Court found this factor weighs in Plaintiff's favor. (ECF No. 18 at 6).

## V.    SCOPE OF RELIEF

Due to the timing of the TRO in relation to when the preliminary injunction would come in force, Plaintiff does not seek an asset restraint with this Motion. Plaintiff requests only that the Court continue the TRO's operative injunction language—enjoining both Defendants and Amazon.com from continuing to sell the Accused Products (ASIN B0CWXQL27W and ASIN B0CWXTTBMF )—through a preliminary injunction. (ECF No. 18 at 6).

## VI.    CONCLUSION

For the foregoing reasons, and for those set forth in Plaintiff's Verified Complaint (ECF No. 1), prior TRO submissions (ECF Nos. 5 and 6), and accompanying exhibits, Plaintiff respectfully requests that the Court convert the TRO entered on September 26, 2025 (ECF No. 18) into a preliminary injunction enjoining Defendants yangjiangshiliangyilikejiyouxiangongsi (Amazon Seller ID A13C232M8ROQ49) and yangjiangshishuanglierenkejiyouxiangongsi (Amazon Seller ID A1QGJSFW7KS4ND), and Amazon.com, from continuing to sell the Accused Products identified as ASIN B0CWXQL27W and ASIN B0CWXTTBMF, pending final resolution of this Action. Plaintiff also respectfully requests that the Court enjoin Defendants from selling the Accused Products under different Amazon Seller IDs and/or different ASINs.

Dated: October 9, 2025                                      Respectfully submitted,

By:    */s/ Brian M. Koide*
Brian M. Koide (VSB No. 46329)
bkoide@mwzb.com
MILLEN, WHITE, ZELANO & BRANIGAN, P.C.
2200 Clarendon Blvd., Suite 1400
Arlington, VA 22201
Tel: 703-243-6333
Fax:  703-243-6410
Attorneys for Plaintiff Xu'e Chen

9

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 9th day of October 2025, I electronically filed the

foregoing document to the Clerk of the Court, using CM/ECF.  I also certify that the foregoing

document is being served this day on all counsel of record in the manner specified, either by

transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized

manner for those counsel of parties who are authorized to receive electronic Notices of

Electronic Filing. I further certify that I emailed the foregoing document to the following

individual:

> Christopher Keleher
> The Keleher Appellate Law Group
> ckeleher@appellatelawgroup.com

By:    /s/ Brian M. Koide
       Brian M. Koide
