IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

XU'E CHEN,
      Plaintiff,

v.                              Civil No. 3:25cv703 (DJN)

YANGJIANGSHILIANGYILIKEJIYOUXIANGONGSI,
*et al.*,
      Defendants.

## MEMORANDUM ORDER
### (Granting Preliminary Injunction)

This matter comes before the Court following a hearing on Plaintiff Xu'e Chen's ("Plaintiff") Motion for Preliminary Injunction (ECF No. 24 ("Motion")). For the reasons stated during the December 9, 2025 hearing and set forth herein, the Court hereby GRANTS Plaintiff's Motion (ECF No. 24).

## I.    BACKGROUND

Plaintiff constitutes the exclusive owner of two patents for two different meat grinder products (U.S. Design Patent No. D1,056,611 (the "'D611 Patent") and U.S. Design Patent No. D1,080,289 (the "'D289 Patent")). (ECF No. 1-1 at 3 and ECF No. 1-2 at 3). Plaintiff filed his Complaint on September 3, 2025, alleging patent infringement against two Defendants. (ECF No. 1 ¶¶ 84, 96.) Plaintiff also filed four motions requesting: (1) leave to file under seal (ECF No. 12); (2) an *ex parte* temporary restraining order against Defendants to freeze Defendants' accounts and enjoin their alleged infringing activity (ECF No. 5); (3) leave to conduct expedited discovery (ECF No. 7); and (4) to serve Defendants by e-mail (ECF No. 9). The Court initially

granted in part Plaintiff's Motion for Leave to File Under Seal and scheduled a hearing to resolve Plaintiff's remaining motions. (ECF No. 13.)

On September 25, 2025, the Court conducted a hearing on Plaintiff's motions, and after oral argument, granted in part Plaintiff's Motion for Entry of a Temporary Restraining Order and Asset Restraining Order, contingent upon Plaintiff posting a $6,000 security pursuant to Federal Rule of Civil Procedure 65(c). (ECF No. 18 at 7.) While Plaintiff moved the Court to both enjoin Defendants' alleged infringing activity and restrain all accounts related to those sales, the Court found it proper to enjoin only Defendants' infringing activity. (*Id.* at 6.) Further, the Court granted Plaintiff's Motion for Service of Process by E-mail, granted in part Plaintiff's Motion for Limited Expedited Discovery, and ordered the unsealing of the entire case once Plaintiff posted the requisite security bond. (*Id.* at 1–2.) Following the hearing, Plaintiff timely posted the requisite security, and the Court consequently unsealed the case docket and its filings. (ECF No. 19.) On October 8, 2025, Plaintiff moved for an extension of the temporary restraining order. (ECF No. 20.) Because Plaintiff had not yet received the results of discovery and that Defendants had not yet been served the Complaint, Summons and temporary restraining order, the Court found that good cause existed for an extension of the temporary restraining order. (ECF No. 23 at 2.)

Plaintiff then moved the Court for entry of a preliminary injunction, and the Court initially scheduled a hearing to address the instant Motion on October 24, 2025. (ECF Nos. 23 and 24.) On October 23, 2025, counsel for both Defendants filed a Notice of Appearance as well as a Motion for Extension of Time to File Response to Plaintiff's Motion for Preliminary Injunction. (ECF Nos. 29–30.) Accordingly, the Court re-scheduled the preliminary injunction hearing for December 9, 2025 and referred the case for a settlement conference. (ECF Nos. 34

2

and 36.) By agreement of the parties, the Court also extended the temporary restraining order until December 9, 2025. (ECF No. 36.) Plaintiff issued summonses to Defendants, (ECF Nos. 27–28), which were returned executed to this Court, (ECF Nos. 43–44).

On November 12, 2025, counsel for Defendants filed a Motion to Withdraw as Attorney, which the Court denied, determining that withdrawal at this stage would have a disruptive impact on the proceedings, and because Defendants do not appear to have retained new counsel. (ECF Nos. 36 and 37.) The following day, Plaintiff filed an Emergency Motion to Modify Temporary Restraining Order to Include Asset Freeze and Related Scheduling Relief, moving to (1) enter an interim restraint on funds derived from funds in Defendants' seller accounts on Amazon.com, Inc; (2) set November 17, 2025 as a deadline for Defendants to respond to this Motion and November 19, 2025 as the deadline for Plaintiff to file a reply; (3) modify the previously-issued temporary restraining order, (ECF No. 18), to incorporate the interim asset freeze; and (4) convert the temporary restraining order into a preliminary injunction without a hearing. (ECF No. 38.) The Court denied in part Plaintiff's motion to the extent that it sought to convert the modified temporary restraining order into a preliminary injunction without further hearing, but ultimately granted all remaining requested relief given that Defendants instructed their counsel to cease defending this case. (ECF Nos. 41, 43.) Given Defendants' decision not to defend the case and the logistical challenges impeding the parties' ability to engage in meaningful settlement discussions, the Court canceled the settlement conference. (ECF No. 46.)

## II.    ANALYSIS

In his Motion, Plaintiff moved the Court to enjoin both Defendants' from continuing to sell the Accused Products identified in the Complaint. (ECF Nos. 1-3, 1-4). A preliminary injunction constitutes an "extraordinary remed[y] involving the exercise of a very far-reaching

power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola*, 245 F.3d 335, 339 (4th Cir. 2001). Accordingly, a plaintiff seeking a preliminary injunction must establish: (1) "that he is likely to succeed on the merits," (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in his favor," and (4) "that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). The Court addresses each requirement in turn, while underscoring that Defendants do not contest the issuance of the preliminary injunction.

### A.    Likelihood of Success on the Merits

First, Plaintiff established that she is likely to succeed on the merits of his patent infringement claim. To establish this likelihood, Plaintiff must show that (1) she will likely prove that the defendants infringed one or more claims of the patent-in-suit and (2) at least one of those same allegedly infringed claims will also likely withstand validity challenges presented by the defendants. *AstraZeneca LP v. Apotex, Inc.*, 633 F.3d 1042, 1050 (Fed. Cir. 2010). As an initial matter, Plaintiff's 'D611 Patent and 'D289 Patent are presumptively valid under § 282 of the Patent Act of 1952. *Microsoft Corp. v. I4I Ltd. P'ship*, 564 U.S. 91, 131 (2011). As relevant here, Plaintiff's patents-in-suit protect the ornamental designs of two different meat grinders. (ECF No. 1-1 at 3;ECF No. 1-2 at 3). After inspecting Defendants' Amazon listings for the meat grinders, the Court finds, based solely on the information provided by Plaintiff at this juncture, that Plaintiff will likely establish that Defendants infringed on his patent-in-suit. Further, Plaintiff did not allege, nor could the Court identify at this stage, validity challenges that the infringed claims will not be able to withstand. As a result, Plaintiff has demonstrated a likelihood of success on the merits of her patent infringement claim.

4

## B.    Irreparable Harm

Next, Plaintiff successfully establishes a likelihood of irreparable harm in the absence of preliminary relief. In his Motion, Plaintiff asserts that "Defendants' Amazon sales caused lost market share, ranking deterioration, and damage to goodwill—classic harms not readily compensable in damages." (ECF No. 24 at 7.) Although Plaintiff notes that Amazon has disabled the continued selling of Defendants' Accused Products under the temporary restraining order, the "the lasting effects (lost ranking/visibility and customer diversion) persist absent continued relief." (*Id.* at 8.) Various patent cases demonstrate that diminished brand reputation and consumer trust can establish irreparable harm. *See, e.g., Abbott Labs. v. Sandoz, Inc.*, 544 F.3d 1341, 1362 (Fed. Cir. 2008) (finding that a decline in revenue and market share constitutes irreparable harm); *Purdue Pharma L.P. v. Boehringer Ingelheim GmbH*, 237 F.3d 1359, 1368 (Fed. Cir. 2001) (finding that the potential for price erosion and diminished market position is indicative of irreparable harm); *Bio–Tech. Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1566 (Fed. Cir. 1996) (finding that diminished revenues and disruption to research and development activities demonstrate irreparable harm). Plaintiff's request to enjoin Defendants' alleged infringing conduct underscores that, absent such relief, Plaintiff is likely to suffer irreparable harm. *Winter*, 555 U.S. at 20.

## C.    Balance of Equities

Plaintiff also demonstrates that the balance of equities tips in her favor. In his Motion, Plaintiff asserts "Defendants have no legitimate interest in continued infringement." (ECF No. 24 at 8.) While the Court recognizes that Defendants will likely continue to experience financial harm from the Court's preliminary injunction, such harm is outweighed by Plaintiff's interest in maintaining the status quo created by the temporary restraining and protecting their patents-in-

5

suit. (*Id.* at 8.) *Toolchex, Inc. v. Trainor*, 634 F. Supp. 2d 586, 593 (E.D. Va. 2008); *see also Helene Curtis Indus., Inc. v. Church & Dwight Co.*, 560 F.2d 1325, 1333 (7th Cir. 1977) (according "little" weight in evaluating the balance of hardships when a party infringes on another party's trademark); *My–T Fine Corp. v. Samuels*, 69 F.2d 76, 78 (2nd. Cir 1934) (prohibiting a party from deliberately infringing upon another party's trade dress does not give the usurping party "any standing to complain that his vested interests will be disturbed"). The balancing of the equities of the parties thus weighs in Plaintiff's favor.

## D.    Public Interest

Finally, Plaintiff establishes that there exists a public interest in enjoining Defendants from selling their infringing products, asserting that there is a "public interest in making the infringing misconduct unprofitable." (*Id.* at 17 (citing *Synergistic Int'l, LLC v. Korman*, 470 F.3d 162, 176 (4th Cir. 2006)).) The Court agrees. (ECF No. 19 at 6.) Because Plaintiff seeks only to enjoin Defendants' alleged infringing conduct — and because there is a clear public interest in stopping and deterring such infringement — Plaintiff has established that the public interest favors the issuance of a preliminary injunction. As such, this requirement also weighs in Plaintiff's favor.

Because all four factors weigh in Plaintiff's favor, this Court GRANTS Plaintiff's Motion for Preliminary Injunction (ECF No. 24). Thus, the Court issues a preliminary injunction enjoining both Defendants enumerated in the Complaint from selling products that appear to infringe on Plaintiff's patents-in-suit. (ECF Nos. 1, 1-3, and 1-4.)

## E.    Security Bond Pursuant to Fed. R. Civ. P. 65(c)

Pursuant to Federal Rule of Civil Procedure 65(c), courts may issue a preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay

6

the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).  Plaintiff has already posted the required security bond in the amount of $3,000 per Defendant, for a total of $6,000, following entry of the temporary restraining order.  (ECF No. 19.)  Accordingly, no further security is required before Plaintiff may serve the preliminary injunction on Amazon or Defendants.

## IV.    CONCLUSION

In sum, the Court finds that Plaintiff has established that she is likely to succeed on the merits, likely to suffer irreparable harm without injunctive relief, that the balance of equities tips in his favor and that there is a public interest in granting preliminary relief.  Accordingly, the Court hereby GRANTS Plaintiff's Motion for Preliminary Injunction (ECF No. 24).

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

_____/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Dated:  December 12, 2025

7